CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
JAN 31 2006
JOHN F. CORCORAN, CLERK
BY: DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| DENNIS E. WOODSON, | ) |
| Plaintiff, | ) Civil Action No. 5:05CV00050 |
| v. | ) **MEMORANDUM OPINION** |
| JO ANNE B. BARNHART, Commissioner of Social Security, | ) By: Honorable Glen E. Conrad<br>) United States District Judge |
| Defendant. | ) |

Plaintiff has filed this action challenging the final decision of the Commissioner of Social Security denying plaintiff's claims for disability insurance benefits and supplemental security income benefits under the Social Security Act, as amended, 42 U.S.C. §§ 416(i) and 423, and 42 U.S.C. § 1381 et seq., respectively. Jurisdiction of this court is pursuant to 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c)(3). The case is before the undersigned United States Magistrate Judge pursuant to consent of the parties entered under the authority of 28 U.S.C. § 636(c)(2). As reflected by the memoranda and argument submitted by the parties, the issues now before the court are whether the Commissioner's final decision is supported by substantial evidence, or whether there is "good cause" as to necessitate remanding the case to the Commissioner for further consideration. See 42 U.S.C. § 405(g).

The plaintiff, Dennis E. Woodson, was born on September 22, 1961, and eventually reached the sixth grade in school. Mr. Woodson has worked as a restaurant dishwasher, construction flagger, trash truck helper, and head deck man in the metal crafting industry. Apparently, he last worked on a regular and sustained basis in 2002. On May 12, 2003, Mr. Woodson filed applications for disability insurance benefits and supplemental security income benefits. Plaintiff alleged that he

became disabled for all forms of substantial gainful employment on September 2, 1998, due to residuals from cardiac bypass surgery as well as coronary artery disease. Plaintiff now maintains that he has remained disabled to the present time. As to his application for disability insurance benefits, the record reveals that Mr. Woodson met the insured status requirements of the Act at all relevant times covered by the final decision of the Commissioner. See generally, 42 U.S.C. §§ 414 and 423.

Mr. Woodson's claims were denied upon initial consideration and reconsideration. He then requested and received a de novo hearing and review before an Administrative Law Judge. In an opinion dated January 6, 2005, the Law Judge also determined that plaintiff is not disabled. The Law Judge found that Mr. Woodson suffers from ischemic heart disease with a recent history of coronary artery bypass surgery, as well as chronic obstructive pulmonary disease. Because of these problems, the Law Judge held that plaintiff is disabled for all of his past relevant work roles. However, the Law Judge ruled that Mr. Woodson retains sufficient functional capacity for a wide range of sedentary work activity. Given the residual functional capacity for sedentary exertion, and after consideration of plaintiff's age, education, and prior work experience, the Law Judge applied the medical vocational guidelines so as to conclude that Mr. Woodson retains sufficient functional capacity to perform several specific sedentary work roles existing in significant number in the national economy. See 20 C.F.R. §§ 404.1569 and 416.969, and Rules 201.23-201.26 of Appendix II to Subpart P of the Administrative Regulations No. 4. Accordingly, the Law Judge ultimately concluded that Mr. Woodson is not disabled and that he is not entitled to benefits under either federal program. See 20 C.F.R. §§ 404.1520(g) and 416.920(g). The Law Judge's opinion was eventually adopted as the final decision of the Commissioner by the Social Security Administration's Appeals

2

Council. Having exhausted all available administrative remedies, Mr. Woodson has now appealed to this court.

While plaintiff may be disabled for certain forms of employment, the crucial factual determination is whether plaintiff is disabled for all forms of substantial gainful employment. See 42 U.S.C. §§ 423(d)(2) and 1382c(a). There are four elements of proof which must be considered in making such an analysis. These elements are summarized as follows: (1) objective medical facts and clinical findings; (2) the opinions and conclusions of treating physicians; (3) subjective evidence of physical manifestations of impairments, as described through a claimant's testimony; and (4) the claimant's education, vocational history, residual skills, and age. Vitek v. Finch, 438 F.2d 1157, 1159-60 (4th Cir. 1971); Underwood v. Ribicoff, 298 F.2d 850, 851 (4th Cir. 1962).

Subsequent to the final decision of the Commissioner, new medial evidence was submitted by plaintiff. The new evidence consists of a series of medical reports covering treatment of Mr. Woodson for a myocardial infarction in August 2005. Plaintiff contends that the new medical evidence arguably establishes the existence of a listed impairment under Rule 404(C) of Appendix I to Subpart P of the Administrative Regulations No. 4.[1] Mr. Woodson now seeks remand of his case to the Commissioner so that the new medical evidence may be considered.

In Borders v. Heckler, 777 F.2d 954 (4th Cir. 1985), the United States Court of Appeals for the Fourth Circuit summarized the standards under which a motion for remand must be considered as follows:

---

[1] If a claimant suffers from an impairment, or combination of impairments, which meet or equal an impairment listed under Appendix I, the claimant is deemed to be disabled for all forms of substantial gainful employment, without consideration of factors such as age, education, and prior work experience. See 20 C.F.R. §§ 404.1520(d) and 416.920(d).

3

> A reviewing court may remand a Social Security case to the Secretary on the basis of newly discovered evidence if four prerequisites are met. The evidence must be "relevant to the determination of disability at the time the application was first filed and not merely cumulative." Mitchell v. Schweiker, 699 F.2d 185, 188 (4th Cir. 1983). It must be material to the extent that the Secretary's decision "might reasonably have been different" had the new evidence been before her. King v. Califano, 599 F.2d, 597, 599 (4th Cir. 1979); Sims v. Harris, 631 F.2d 26, 28 (4th Cir. 1980). There must be good cause for the claimant's failure to submit the evidence when the claim was before the Secretary, 42 U.S.C. § 405(g), and the claimant must present to the remanding court "at least a general showing of the nature" of the new evidence. King, 599 F.2d at 599.

777 F.2d at 955.

In the instant case, there is no question as to the "nature" of the new evidence inasmuch as Mr. Woodson has submitted the relevant medical reports covering treatment of his myocardial infarction to the court. Furthermore, it is clear that plaintiff could not have submitted the new reports to the Administrative Law Judge, inasmuch as plaintiff's heart attack occurred several months after the Law Judge rendered a decision. Thus, the issues presented by plaintiff's motion for remand are whether the new evidence relates back to a period of time covered by the administrative adjudication, and whether the administrative decision "might reasonably have been different" had it been known that plaintiff was a candidate for an imminent, second heart attack.

Mr. Woodson has suffered from cardiovascular problems for several years. He suffered an anterior myocardial infarction in September 2000, and eventually underwent quadruple coronary artery bypass surgery. He returned to work, but continued to experience cardiac symptoms. In January 2001, Mr. Woodson was found to be suffering from severe stenosis in his native left circumflex. He underwent placement of a stent in the left circumflex artery. Despite plaintiff's multitude of cardiovascular problems and procedures, his treating physician and a consultative physician felt that Mr. Woodson could engage in lighter forms of work activity.

4

It is clear that in considering plaintiff's claims for benefits, the Administrative Law Judge assessed Mr. Woodson's continuing complaints of chest pain and tightness as representing noncardiac symptoms. The Law Judge apparently considered plaintiff's complaints of severe limitation to be only partially credible, noting that the evidence did not establish the existence of a medically determinable impairment which could reasonably be expected to produce the symptoms alleged. (TR 20-23). The Law Judge also observed in his summary of the evidence that several doctors believe that plaintiff failed to follow prescribed treatment, in that he had continued to smoke despite doctor's advice and had failed to regularly take medication prescribed for elevated cholesterol.

Given the reasons advanced by the Law Judge in support of the finding that plaintiff's subjective complaints could not be totally credited and that his symptoms were not related to any medically determinable impairment, the court is constrained to conclude that Mr. Woodson has established "good cause" for remand of his case to the Commissioner for consideration of the new medical evidence. Simply stated, the new evidence tends to suggest that plaintiff suffered from severe cardiovascular disease during the period of time considered by the Administrative Law Judge, and despite rigorous and invasive medical treatment. Contrary to the implication that plaintiff's symptoms were not related to his heart, and were overstated in comparison to the condition that was present, the new myocardial infarction could be interpreted to indicate that Mr. Woodson was suffering from significant physical distress, even after his bypass surgery and deployment of the stent. The court must conclude that, at a minimum, Mr. Woodson has established "good cause" to believe that the Commissioner's decision would have been structured differently had the new evidence been available for consideration by the Administrative Law Judge.

On appeal to this court, the Commissioner offers cogent argument in support of her opposition to plaintiff's motion for remand. The Commissioner observes that a myocardial infarction is a "sudden" heart condition, and that plaintiff's heart attack in 2005 could not, therefore, be related to a period seven months earlier. The court recognizes that there is logic in the Commissioner's argument. However, the fact remains that neither the court nor the Commissioner's attorneys possess sufficient medical expertise to affirmatively conclude that the precursors to plaintiff's second heart attack were not severe and disabling during the period of time considered by the Administrative Law Judge. The court believes that these considerations should be entrusted to a medical advisor or consultant. The court finds "good cause" for remand of the case to the Commissioner for this purpose.

In passing, the court also notes that there is some support for the Law Judge's finding that Mr. Woodson failed to follow prescribed treatment and cannot, therefore, claim entitlement to a period of disability based on the condition for which he was being treated. See 20 C.F.R. §§ 404.1530 and 416.930. However, the court is unable to consider this rationale in support of the Commissioner's final decision, inasmuch as the Law Judge ultimately did not make formal findings in this regard. However, upon remand, the Commissioner may well wish to expand the inquiry so as to permit a formal, factual determination as to whether Mr. Woodson has failed to follow prescribed treatment.

For the reasons stated, the court has found "good cause" for remand of this case to the Commissioner for consideration of new medical evidence. See 42 U.S.C. § 405(g). An appropriate order will be entered this day. Upon remand, both sides will be allowed to present additional

6

evidence and argument, though the conduct of a supplemental administrative hearing will be deemed to be within the Commissioner's discretion.

The Clerk is directed to send certified copies of this Memorandum Opinion to all counsel of record.

ENTER: This 31st day of January, 2006.

                                                                 United States District Judge